UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, including the UTAH SCHOOL AND INSTITUTIONAL TRUST LANDS ADMINISTRATION (SITLA), an agency of the State of Utah; and EMERY COUNTY, a Utah political subdivision,<br><br>Plaintiffs,<br><br>v.<br><br>DEB HAALAND, in her official capacity as SECRETARY OF THE INTERIOR; the DEPARTMENT OF THE INTERIOR, an agency of the United States of America; TRACY STONE-MANNING, in her official capacity as DIRECTOR OF THE BUREAU OF LAND MANAGEMENT; and the BUREAU OF LAND MANAGEMENT, an agency of the United States of America,<br><br>Defendants. | **ORDER GRANTING SOUTHERN UTAH WILDERNESS ALLIANCE'S UNOPPOSED MOTION TO INTERVENE (DOC. NO. 16)**<br><br>Case No. 2:24-cv-00172<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs State of Utah, including the Utah School and Institutional Trust Lands Administration, and Emery County filed this case on March 4, 2024, appealing the Bureau of Land Management's ("BLM") October 28, 2022, Decision Record for the San Rafael Desert Travel Management Plan: Reconsideration of Routes as Required by the 2022 Settlement Agreement.[1] According to Plaintiffs, the BLM conducted its "Reconsideration of Routes" pursuant to a settlement agreement between the BLM, the

---

[1] (Compl. ¶ 1, Doc. No. 1.)

Southern Utah Wilderness Alliance ("SUWA"), and the Wilderness Society, which stemmed from SUWA and the Wilderness Society's appeal of the BLM's original travel management plan for the San Rafael Desert.[2] SUWA has now filed a motion to intervene in this case as of right, arguing it has an interest in the challenge to the BLM decision, and the underlying lands.[3] The motion to intervene is unopposed by any party.[4]

A party may intervene as of right or permissively.[5] Rule 24(a) of the Federal Rules of Civil Procedure governs intervention as of right.[6] Under Rule 24(a), applicants may intervene as of right if the following elements are met: "(1) the application is timely; (2) the applicant[s] claim[ ] an interest relating to the property or transaction which is the subject of the action; (3) the applicant[s'] interest may as a practical matter be impaired or impeded; and (4) the applicant[s'] interest is [not] adequately represented by existing parties."[7] The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene."[8]

---

[2] (*See* Compl. ¶¶ 4–11, Doc. No. 1.)

[3] (Unopposed Mot. to Intervene, Doc. No. 16.)

[4] (*See* Mot. 2, Doc. No. 16.)

[5] *See* Fed. R. Civ. P. 24.

[6] Fed. R. Civ. P. 24(a).

[7] *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (alteration in original); *see also* Fed. R. Civ. P. 24(a)(2).

[8] *W. Energy Alliance*, 877 F.3d at 1164.

For the reasons stated in the motion, and where the parties do not oppose intervention, SUWA has satisfied the above elements. Accordingly, SUWA's motion to intervene[9] is GRANTED.

DATED this 11th day of April, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[9] (Doc. No. 16.)