KATHY A.F. DAVIS (4022)
ROGER R. FAIRBANKS (3792)
KAITLIN DAVIS (15831)
JAKE M. GARFIELD (15601)
Assistant Attorneys General
Utah Attorney General's Office
MARK BOSHELL (16002)
KENDALL G. LAWS (14700)
Special Assistant Attorneys General
SEAN D. REYES (7969)
UTAH ATTORNEY GENERAL
1594 West North Temple, Suite 300
Salt Lake City, UT 84116
kathydavis@agutah.gov
rfairbanks@agutah.gov
jgarfield@agutah.gov
mboshell@utah.gov
klaws@utah.gov
*Attorneys for Plaintiffs*

IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> HAALAND, et. al., <br><br> Defendants, <br><br> and <br><br> SUWA, <br><br> Intervenor-Defendant. | **NOTICE OF OBJECTION TO AND MOTION TO STRIKE SUWA'S MOTION TO TRANSFER** <br><br> Case No. 2:24-cv-00172-TS-DAO <br><br> Judge Ted Stewart <br> Magistrate Judge Daphne A. Oberg |

Pursuant to Fed R. Civ. P. 12(f), Plaintiffs respectfully submit to the court their objection to and motion to strike SUWA's Motion to Transfer Case, filed with Judge Kimball in *SUWA et. al. v. BLM, et. al.*, 2:21-cv-00091-DAK-JCB.

## FACTUAL BACKGROUND

On April 30, 2024, Intervenor-Defendant SUWA filed with Judge Kimball in *SUWA et. al. v. BLM, et. al.*, 2:21-cv-00091-DAK-JCB, a motion to transfer this case, *State of Utah et. al. v. Haaland et. al.*, 2:24-cv-00172, to Judge Kimball.  The 2:21-cv-00091 case is not a pending case and has been closed for two years.  Judge Kimball's memorandum decision and order dismissing the case on May 19, 2022, specifically notes that there is no consent decree, and that the Court did not "retain jurisdiction or issue an order incorporating the terms of the settlement." 2:21-cv-00091-DAK-JCB, Dkt 60, at 3.  SUWA has improperly filed its motion in a closed case and has asked the court, without a pending case over which it has jurisdiction, to assume jurisdiction over and transfer a case pending in this court.  SUWA's motion is improper and should be stricken and denied.

## ARGUMENT

In Support of its motion to transfer, SUWA invokes Fed.R.Civ.P. 42(a)(3) and DUCivR 83-2(g).  Neither of these rules apply to the present situation where there is only one pending case. SUWA acknowledges as much, noting that ". . . Local Rule 83-2(g) allows for transfer when there are at least two related cases pending before

different judges of this court." Dkt 63 at 2. Here there is only one case, *State of Utah et. al. v. Haaland et. al.*, 2:24-cv-00172, pending before one judge. SUWA also admits that Rule 42 generally only governs a court's discretion to consolidate pending cases. *Id*.

SUWA then proceeds to argue that Rule 42 has been used as the legal basis to transfer cases between judges even when one case has been closed, citing *Payne v. Tri-State Careflight, LLC*, 327 FRD 433, 451 n.9 (D.N.M 2018) and *Landis v. N. American Co*., 299 U.S. 248, 254 (1936). *Payne v. Tri State* is distinguishable and completely inapposite. The case involved identical class action claims by over 70 employees against their employer, an air ambulance company. Shortly after a settlement and dismissal in a case involving only three named plaintiffs, the New Mexico Federal District Court granted a motion to intervene by 69 new plaintiffs, essentially re-opening the closed case. During the pendency of the motion to intervene some of the proposed plaintiff-Intervenors filed a separate but identical action with the New Mexico District Court. *Bell v. Tri–State CareFlight, LLC*, No. CIV 17–0796. The defendants filed a motion to consolidate the cases and transfer the latter case to the judge assigned to the first case.

The court's ruling first noted that consolidating an active case with one in which final judgment has been entered is <u>rarely</u> appropriate, citing *Shelton v. MRI Global*, No. 11-CV-02891 (D.Colo. Feb. 26, 2014). The court then stated:

3

> Here, however, these cases' unique circumstances satisfy the Court that
> consolidation would help the parties resolve their disputes most efficiently.
> Although the Court has entered Final Judgment in this case, the Court recently
> granted motions to intervene, restocking this case's docket with sixty-nine
> fresh named Plaintiffs. Whether they can or must undo the Final Judgment via
> a rule 59 or 60 motion before proceeding any further remains to be seen, but
> given that the Court has already allowed intervention, there is enough life in
> the case for consolidation to be a useful and efficient tool.

*Payne v. Tri-State*, at 453. The case obviously involved not just a reassignment and

transfer but a consolidation with a case that had been revived and re-opened by the

intervention of sixty-nine new plaintiffs making claims identical to those involved in

the other case.

   *Landis*, *supra*., cited by SUWA, is not even remotely factually similar to this

case.  It involved the District Court's power to stay proceedings in one case until a

decision was reached in another case.

   By contrast, the first case before Judge Kimball of this court, *SUWA et. al. v.*

*BLM, et. al.*, 2:21-cv-00091-DAK-JCB, has been closed with no activity since May

of 2022, for two years.  There is no consent decree, and the Court did not "retain

jurisdiction or issue an order incorporating the terms of the settlement."  Dkt 60, at 3.

Moreover, the claims involved in the first case are not the same as those involved in

the second case before this court, *State of Utah, et. al v. Haaland*, et. al., 2:24-cv-

00172-TS-DAO.  In the first case, SUWA pursued its sue and settle strategy with the

Biden Administration to have the BLM close an additional 120 miles of open roads

after the issuance if a final Record of Decision in the San Rafael Desert TMP.  In this

second case, Plaintiffs, the State of Utah, SITLA and Emery County, who were included as intervenors in the first case but denied any participation in the SUWA sue and settle process, now challenge a new TMP and seek to compel the BLM to do the exact opposite: re-open the 120 miles of roads which were arbitrarily closed for no reason other than their location in what SUWA considers "Red Rock Wilderness."[1]

This case should be governed by the standard rule followed generally by Federal District Courts that consolidation is inappropriate in an action that has been dismissed, where judgment has been entered, and the case is closed, reasoning that consolidation would not increase efficiency or judicial economy. *Tawfiq v. Dufresne*, 2022 WL 1592716 (E.D. Mich. 2022). In *Tawfiq* the Michigan Federal District Court thoroughly examined this standard rule explaining that Fed. R. Civ. P. 42 specifically addresses consolidation of "actions *before the court*," and once a case is closed, it is no longer "before the court."  *Northington v. Abdellatif*, No. 16-cv-12931, 2020 WL 1808538, at *3 (E.D. Mich. Apr. 9, 2020) See also: *Adelson v. Ocwen Loan Servicing, LLC*, No. 19-cv-13569, 2020 WL 6580628 at *5 (E.D. Mich. Nov. 10, 2020) (noting that a motion to consolidate would not be granted "because it is not appropriate to consolidate the instant action with the closed case"); *Switek v.*

---

[1] SUWA's Red Rock Wilderness Act is a bill that aims to designate over 8 million acres of Federal Land in Utah as Wilderness.  It has been introduced many times over the last 25 years, usually by Senator Richad J. Durbin, D. Ill. (See Senate Bill 1535, 2021), and supported by legislators from states other than Utah. Representative Melanie Ann Stansbury, D. N.M., introduced it as House Bill 3031 in 2023. No version of the bill has ever passed.

*Midland Cnty.*, No. 21-cv-12184, 2022 WL 533043 at *1 (E.D. Mich. Feb. 22, 2022)

(agreeing "with its sibling courts that consolidation is not appropriate" with closed

cases); *Nazario v. Thibeault*, No. 3:21-cv-216, 2022 WL 633733, at *7-8 (D. Conn.

Mar. 4, 2022) (finding it inappropriate to consolidate closed actions with actions that

are still pending before the court because "[d]ismissed cases are no longer 'before

the court' as required by Rule 42(a)"); *Mainstream Advertising, Inc. v. Moniker*

*Online Servs., LLC*, No. 17-cv-22714, 2017 WL 9672798, at *1 (S.D. Fla. Sept. 27,

2017) (collecting cases holding that it is inappropriate to consolidate a closed case

with an open case); *Abels v. Skipworth*, No. C10-5033BHS, (W.D. Wash. June 9,

2010) (a request to transfer and consolidate a case with a prior closed case is

inappropriate because Rule 42 (a) applies to actions before the court, and the prior

case is no longer an action before the Court); *Tormasi v. Hayman*, No. CIV. 3:08-

CV-4950, (D.N.J. Oct. 15, 2009) (Consolidating an active case with a closed case

does not promote the administration of justice); *Northington v. Abdellatif*, No. 16-cv-

12931, 2020 WL 1808538, at *3 (E.D. Mich. Apr. 9, 2020) ("Consolidating a closed

case with an open case does not increase efficiency or economy in administering

court business and is therefore not permitted under Federal Rule of Civil Procedure

42."); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019)

("Consolidation is not justified or required simply because the actions *include* a

common question of law or fact."). *Tawfiq*, at 3.

There is nothing unique about the case closed by Judge Kimball or the case before this court that warrants a departure from this standard rule.

In *Shump v. Balka*, 574 F.2d 1341 (10th Cir. 1978), the Tenth Circuit Court of Appeals held that the movant bears the burden to establish (1) that consolidation would promote trial convenience and economy in administration; and (2) that movant would suffer injury in the absence of consolidation. *Id*. at 1344.  Other than assert that transfer would eliminate the need for this court to become familiar with the history of San Rafael Desert travel management planning, SUWA has not established that consolidation would promote trial convenience and economy in administration and has not even addressed the issue of any injury it might suffer.

For the foregoing reasons SUWA's Motion to Transfer should be stricken and the judges of this court should decline to consolidate or transfer *State of Utah, et. al v. Haaland*, et. al., 2:24-cv-00172-TS-DAO from this court to *SUWA et. al. v. BLM, et. al.*, 2:21-cv-00091-DAK-JCB, a case that has been closed for two years, is no longer pending, is not subject to a consent decree or order incorporating the terms of a settlement, and over which the Court did not retain jurisdiction.

DATED this 14th day of May 2024.

/s/ Roger R. Fairbanks
Assistant Attorney General
*Attorney for Plaintiffs*

## <u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 14th day of May 2024, the undersigned electronically filed the foregoing **OBJECTION TO AND MOTION TO STRIKE SUWA'S MOTION TO TRANSFER** with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.


/s/ Roger R. Fairbanks
Assistant Attorney General
*Attorney for Plaintiffs*