UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, including the UTAH SCHOOL AND INSTITUTIONAL TRUST LANDS ADMINISTRATION (SITLA), an agency of the State of Utah; and EMERY COUNTY, a Utah political subdivision,<br><br>　　　　Plaintiffs,<br>v.<br><br>DEB HAALAND, in her official capacity as Secretary of the Interior; DEPARTMENT OF THE INTERIOR, an agency of the United States of America; TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; and BUREAU OF LAND MANAGEMENT, an agency of the United States of America,<br><br>　　　　Defendants,<br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>　　　　Defendant-Intervenor. | **SCHEDULING ORDER**<br><br><br>Case No. 2:24-cv-00172<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

The parties have filed a joint motion for entry of a scheduling order pursuant to DUCivR 7-4(c).[1]  The motion is GRANTED and case deadlines are set forth below. These deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-6.

---

[1] (Doc. No. 26.)

## I.      Agency Decision Challenged

Plaintiffs challenge BLM's October 28, 2022, Decision Record on the San Rafael Desert Travel Management Plan.  BLM issued the Decision Record after agreeing to reconsider its designation of a number of routes as part of its settlement agreement in *Southern Utah Wilderness Alliance v. U.S. Bureau of Land Management, et. al.*, Case No. 2:21-cv-0091-DAK-JCB.

## II.     Plaintiffs' Grounds for Challenging the Agency Decision

Plaintiffs raise claims challenging the agency action based on the following authorities: (1) federal case law, *State of Utah v. Andrus*, 486 F. Supp. 995 (D. Utah 1979); (2) the John D. Dingell, Jr. Conservation, Management, and Recreation Act, 16 U.S.C. § 1132; (3) the "arbitrary and capricious" standard under the Administrative Procedure Act, 5 U.S.C. § 706(2); (4) the Federal Land Policy Management Act, 43 U.S.C. § 1701–18787; (5) the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*; and (6) the settlement agreement reached in *Southern Utah Wilderness Alliance v. U.S. Bureau of Land Management, et. al.*, Case No. 2:21-cv-0091-DAK-JCB.[2]

## III.    Agency's Reasons in Support of Agency Decision

Federal Defendants deny that BLM's decision and agency action "is arbitrary and capricious, not supported by substantial evidence, or otherwise contrary to law."[3] Federal Defendants allege the following affirmative defenses: (1) Plaintiffs fail to state a

---

[2] (*See* Compl. for Declaratory and Injunctive Relief, Doc. No. 1.)

[3] (Federal Defs.' Answer, Doc. No. 24.)

claim upon which relief may be granted; (2) Plaintiffs lack standing to bring all or some of their claims; (3) Plaintiffs have failed to properly establish subject matter jurisdiction; and (4) Plaintiffs have failed to demonstrate that all or some of their claims are ripe for judicial review.[4]

Defendant-Intervenor likewise denies that the TMP and DR was arbitrary, capricious or otherwise contrary to law.[5]  Defendant-Intervenor also raises the following affirmative defenses: (1) Plaintiffs fail to state a claim upon which relief may be granted for all or some of the claims in the complaint; (2) All or some of Plaintiffs' claims are not justiciable, and (3) Plaintiffs lack standing to assert all or some of the claims in the Complaint.[6]

**IV.  Filing Dates of Relevant Documents**

a.  Federal Defendants' preparation of the Administrative Record: **July 24, 2024**

b.  Plaintiffs' conferral with Federal Defendants on the contents of the Administrative Record: **August 7, 2024**

c.  Federal Defendants' lodging of the Administrative Record with the Court: **August 21, 2024**

d.  Plaintiffs' Motion to Supplement or Amend the Administrative Record: **August 28, 2024**. If such a motion is filed, the remainder of the schedule

---

[4] (*Id.*)

[5] (Def.-Intervenor's Resp. to Pl.'s Compl., Doc. No. 23.)

[6] (*Id.*)

set out below is vacated and parties will submit a new Proposed

Scheduling Order within 14 days of the Court's Order on the administrative

record motion.

e.  Plaintiffs' Opening Brief: **October 2, 2024**

f.  Federal Defendants' Response Brief: **November 6, 2024**

g.  Defendant-Intervenor's Response Brief: **November 20, 2024**. Defendant-
Intervenor's Response Brief shall strive to not be duplicative of the Federal
Defendants' Response Brief.

h.  Plaintiffs' Reply Brief: **December 18, 2024**

DATED this 30th day of May, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge