ADAM R.F. GUSTAFSON, Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE, Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

ERIK VAN DE STOUWE, Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel.: (202) 305-0247
Erik.Van.de.Stouwe@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, et al.,<br><br>　Plaintiffs,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior, et al.,<br><br>　Defendants,<br><br>　and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>　Intervenor-Defendant. | Case No. 2:24-cv-00172-TS-DAO<br><br>**UNOPPOSED MOTION TO AMEND ADMINISTRATIVE APPEAL SCHEDULING ORDER**<br><br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

Federal Defendants—Doug Burgum, in his official capacity as Secretary of the Interior, the Department of the Interior, the Bureau of Land Management ("BLM"), and Bill Groffy[1], Acting Director of BLM—respectfully move for an additional 90-day extension of time under the current briefing schedule, ECF No. 48, for filing their response brief.

The parties have conferred. Plaintiffs—the State of Utah, the Utah School and Institutional Trust Land Administration, and Emery County—do not oppose this motion. Intervenor—the Southern Utah Wildlife Alliance—takes no position on the motion.

A proposed order is submitted herewith.

Defendants request an amended scheduling order that will establish the following deadlines:

    a.    Federal Defendants' Response Brief: **October 27, 2025**

    b.    Intervenor-Defendant's Response Brief: **November 17, 2025**

    c.    Plaintiffs' Reply Brief: **December 8, 2025**

## Procedural Background

Plaintiffs challenge the BLM's October 22, 2022 Decision Record on the San Rafael Desert Travel Management Plan: Reconsideration of Routes as Required by the 2022 Settlement Agreement ("Reconsideration Decision"). ECF No. 37. Upon the parties' motion, the Court entered its first scheduling order on May 30, 2024. ECF No. 28. On August 21, 2024, Federal Defendants lodged the Administrative Record in this case. ECF No. 30. On September 26, 2024, Plaintiffs moved to amend their complaint, vacate the old scheduling order, and enter a new

---

[1] Bill Groffy has been appointed the Principal Deputy Director of BLM and replaces Jon Raby as Acting Director of BLM under Rule 25(d) of the Federal Rules of Civil Procedure.

scheduling order. ECF Nos. 31, 32. On September 27, 2024, the Court granted these motions. ECF Nos. 33, 34.

On January 16, 2024, Plaintiffs filed their opening brief on the merits. ECF. No. 38. In order to afford time for the Department of the Interior and incoming Executive Branch officials to review the case and the underlying Reconsideration Decision, Federal Defendants moved to amend the scheduling order to extend their time to respond to Plaintiffs' motion. ECF No. 41 (Feb. 14, 2024); ECF No. 44 (Mar. 20, 2025), ECF No. 46 (Apr. 22, 2025). The Court granted all three of these motions. ECF Nos. 43, 45, 48. Federal Defendants' response brief is currently due on July 28, 2025. ECF No. 48.

## Standard of Review

The Federal Rules of Civil Procedure authorize the court to extend deadlines "for good cause." FED. R. CIV. P. 6(b). Similarly, a scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "[I]n the Tenth Circuit, good cause 'requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *S.G. by & through Gordon v. Jordan Sch. Dist.*, 333 F.R.D. 220, 224 (D. Utah 2019) (quoting *McCubbin v. Weber Cty.*, No. 1:15-CV-132, 2018 WL 6602210, at *5 (D. Utah Dec. 17, 2018) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Nevertheless, the good cause requirement "should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

## Analysis

Federal Defendants have good cause for their motion to amend the scheduling order. As indicated in the previous motions for extension, there have been personnel changes in the

3

Department of the Interior, and newly arriving and acting leadership require additional time to determine how to proceed in this litigation. ECF No. 44, 46. There have also been additional personnel changes since April 24, 2025, when the Court granted that motion and last modified the scheduling order. And since the last scheduling order was issued, the President published an executive order directing BLM and other federal land management agencies to ensure their policies "expand access to public lands and waters for recreation, hunting, and fishing[.]" Executive Order 14313, Establishing the President's Make America Beautiful Again Commission, 90 Fed. Reg. 30197 (July 3, 2025).

Federal Defendants are acting with diligence, but they still require more time to review the legal and factual issues raised by this case. Additional related cases involving BLM Utah travel management actions have also continued to complicate these efforts, including *BlueRibbon Coalition v. Bureau of Land Management*, Case No. 4:25-cv-00022-DN (filed March 5, 2025) and *BlueRibbon Coalition v. Bureau of Land Management*, Case No. 4:25-cv-00044-AMA-PK (filed April 10, 2025).

Postponing review in this case will also advance the goal of judicial economy. Should Federal Respondents decide to revise their Reconsideration Decision, this case could become moot. *See Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) ("Postponing review can also conserve judicial resources, and it comports with our theoretical role as the governmental branch of last resort."). An extension will also help ensure that any litigation continuing before this Court will reflect the views of current agency leadership. *See id.* (postponing review will "'protect[] the agenc[y] from judicial interference' in an ongoing decision-making process.") (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967)).

**Conclusion**

Federal Defendants are diligently working to resolve the issues presented by this case to best implement the land management policy of the United States. Defendants therefore request a 90-day extension of time under the current briefing schedule.

Respectfully submitted this 21st day of July 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ Erik Van de Stouwe

PAUL A. TURCKE, Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
ERIK VAN DE STOUWE, Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel:   (202) 532-5994 (Turcke)
       (202) 305-0247 (Van de Stouwe)
paul.turcke@usdoj.gov
Erik.Van.de.Stouwe@usdoj.gov

*Attorneys for Defendants*