ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| STATE OF UTAH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior, et al.,<br><br>    Defendants,<br><br>  and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>    Intervenor-Defendant. | Case No. 2:24-cv-00172-TS-DAO<br><br>**DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS**<br><br><br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This case challenges the U.S. Bureau of Land Management ("BLM") October 2022

Decision Record ("DR") on the San Rafael Desert Travel Management Plan: Reconsideration of

Routes as Required by the 2022 Settlement Agreement. *See* Defs.' Statement of Position 2, Dkt.

37.  Defendants hereby move for an order staying further proceedings in anticipation of a new BLM decision likely to formalize a change in position on aspects of the DR.  Plaintiffs do not oppose this motion; Intervenor-Defendant Southern Utah Wilderness Alliance takes no position on the requested stay.

BLM's actions here arise in the broader context of "a longstanding, complex dispute dating from 2008" involving BLM management of off-highway vehicle access to public lands in six Utah BLM field offices.  *S. Utah Wilderness All. v. Burke*, 908 F.3d 630, 632-33 (10th Cir. 2018).  BLM typically conducts such management by issuing a travel management plan ("TMP") designating routes available for such vehicle access.  In *Burke* the Tenth Circuit affirmed this Court's approval of a settlement agreement, which identified a process for issuing new TMPs "throughout the six field offices."  *BlueRibbon Coal., Inc. v. U.S. Bureau of Land Mgmt.*, No. 2:23-cv-923-DAK-JCB, 2024 WL 1197862, at *1 (D. Utah March 20, 2024) (involving a challenge to BLM's Labyrinth/Gemini Bridges travel management plan ("Labyrinth TMP")).  BLM's planning efforts have now spanned several changes in administration.  Defendants have previously advised that agency leadership installed in early 2025 under the current administration has been evaluating the DR (and other travel planning efforts) "before determining how to proceed in this litigation."  Unopposed Mot. for Extension of Time 2, Dkt. 41.  More recently, Defendants explained that a BLM decision to revisit the DR could render this case moot, and that staying the litigation in such circumstances "will also help ensure that any litigation continuing before this Court will reflect the views of current agency leadership."  Unopposed Mot. to Amend Admin. Appeal Scheduling Order 4, Dkt. 49.  Scheduled deadlines in this case fell during the lapse in appropriations funding the federal government, and upon restoration of appropriations the Court has directed the parties to "confer and file a motion for amended

scheduling order, proposing a new briefing schedule, by December 3, 2025." Text Order, Dkt. 52.

Instead of a new briefing schedule, a stay of further proceedings will better conserve the resources of the parties and the court. BLM has recently taken steps signaling the likelihood and nature of new agency action(s) involving Utah travel management plans. Specifically, on September 24, 2025, BLM published "route reassessment" materials to the BLM Eplanning website for the Labyrinth TMP. *See* https://eplanning.blm.gov/eplanning-ui/project/2001224/570 (last visited December 3, 2025). In that effort, "BLM is reassessing whether certain routes currently designated as closed or limited to off highway vehicles should be redesignated as open to OHV use" through a process including a comment period that ended on October 24, 2025. *See id.*, BLM Public Announcement (attached hereto as Exhibit 1). "If BLM concludes that any designations should change, the agency will issue a new decision amending the [Labyrinth TMP]." *Id*. A published list of "routes proposed for redesignation" includes over 200 route segments, totaling approximately 148.24 miles. *See* Exhibit 2 hereto.

Although BLM has not yet published similar materials with respect to the San Rafael Desert TMP specifically challenged in this lawsuit, the agency is likely to reassess whether certain routes in the October 2022 DR should be redesignated. And if BLM concludes that any designations in the October 2022 DR should change, BLM will issue a new decision amending the San Rafael Desert TMP.

Rather than continuing on a path to judgment in this case, Defendants request that the Court stay further proceedings. The proposed stay will conserve the resources of the Court and the parties, and is in the public interest. Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency. "[T]he power to stay proceedings is

3

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would hardly be sound stewardship of judicial resources"). A stay is appropriate here because any changes to San Rafael Desert TMP may lead to dismissal of the current litigation and/or realignment of the parties' positions on the challenged DR. Deferring litigation while BLM determines whether to conduct reassessment of the San Rafael TMP would conserve the resources of the Court and the parties – there is little point in concluding briefing and crafting an opinion on the lawfulness of an agency action that BLM has signaled may change. And a stay would not cause prejudice to any party because it appears that the current "route designations will remain in effect during the reassessment process." Exhibit 1.

Defendants propose to file a status report within five days of the issuance of any announcement or decision regarding a route reassessment process for the DR, or within 60 days of an order granting the requested stay, whichever occurs first.

Undersigned counsel has conferred with counsel for the other parties to this litigation. Counsel for Plaintiffs the State of Utah, et al., have indicated that they do not oppose this motion. Counsel for Intervenor-Defendant Southern Utah Wilderness Alliance has indicated that it takes no position on the motion.

Respectfully submitted this 3rd day of December 2025.

                                                 ADAM R.F. GUSTAFSON
                                                 Principal Deputy Assistant Attorney General
                                                 United States Department of Justice
                                                 Environment & Natural Resources Division

      */s/ Paul A. Turcke*
PAUL A. TURCKE, Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*